UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AUGUSTUS MENDENHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00495-JPH-DLP |
| | ) | |
| ROBERT CARTER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening the Complaint,
Denying Motion for Preliminary Injunction,
and Directing Service of Process**

Plaintiff Augustus Mendenhall, an inmate at the Wabash Valley Correctional Facility (Wabash Valley), brings this action pursuant to 42 U.S.C. § 1983, alleging that his First and Fourteenth Amendment rights were violated by the defendants' unlawful censorship of photographs from his romantic partner. Because Mr. Mendenhall is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Pro se complaints such as the one filed by Mr. Toombs are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

1

## II. The Complaint

Mr. Mendenhall filed a complaint on October 18, 2019, naming the following defendants: (1) Robert Carter, Commissioner of the Indiana Department of Correction (IDOC); (2) Dick Brown, Warden of Wabash Valley; (3) Amber Wallace, Wabash Valley Mailroom Supervisor; (4) Heather Mills, Wabash Valley mailroom staff; and (5) Global Tel*Link Corporation (GTL), a private vendor that contracts with IDOC to provide digital communication services. Mr. Mendenhall seeks injunctive and declaratory relief and monetary damages.

Mr. Mendenhall alleges that IDOC, Wabash Valley, and GTL each has a policy of censoring or confiscating photographs containing nudity or sexual content that have been mailed or emailed to prisoners. Mr. Mendenhall alleges that in practice these policies are applied based on the prison staff's subjective moral attitudes. He also alleges that these policies are selectively enforced against prisoners on the basis of race, ethnicity, and status in a multiracial/ethnic relationship.

Mr. Mendenhall, a white male, is in a romantic relationship with a Native American woman from Peru. She has mailed Mr. Mendenhall multiple photographs of herself that have been confiscated by Amber Wallace and Heather Mills pursuant to the IDOC and Wabash Valley policies mentioned above. His girlfriend has also emailed Mr. Mendenhall photographs that have been blocked by GTL pursuant to its own policy of enforcing IDOC's and Wabash Valley's prohibitions on nude or sexual photographs in prisoner correspondence. Mr. Mendenhall alleges that these acts amount to unlawful censorship under the First Amendment and unlawful discrimination under the Fourteenth Amendment.

## III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Prisoners have a First Amendment right to engage in speech in a manner consistent with legitimate penological interests, which includes the right to send and receive correspondence with those outside the prison walls. *Thornburgh v. Abbot*, 490 U.S. 401, 408 (1989). Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019).

Based on the screening standard set forth above, Mr. Mendenhall's First and Fourteenth Amendment claims against the defendants **shall proceed**.

## IV. Preliminary Injunction

In his prayer for relief, Mr. Mendenhall seeks a preliminary injunction enjoining the defendants from moving him from his current room, denying him access to the law library, or harassing him. He also seeks a preliminary injunction enjoining the enforcement of the policy at issue in this case, #02-01-103. On November 8, 2019, Mr. Mendenhall filed a motion for preliminary injunction, dkt. [7], asking that he not be removed from the facility until ordered by the Court.

The Court need not order the defendants to refrain from denying him access to the library or harassing Mr. Mendenhall because such conduct is already unlawful. To the extent he asks the Court to order that he not be transferred to another facility, under these circumstances the Court

3

lacks the authority to determine an inmate's proper room or prison placement. *See Meachum v. Fano*, 427 U.S. 215 (1976) (inmates have no due process right to avoid transfer from one prison to another); *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460-61 (1989) ("[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); *Sandin v. Conner*, 515 U.S. 472, 498 (1995) (discussing the "highly judgmental administrative matters that call for the wise exercise of discretion—matters where courts reasonably should hesitate to second-guess prison administrators.").

Therefore, his motion for preliminary injunction, dkt. [7], is **denied**.

In addition, until the defendants have been served and appear in this action, the Court lacks personal jurisdiction over the defendants and any request for preliminary injunction is premature. "An injunction, like any enforcement action, may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) (internal quotation omitted). If the plaintiff wishes to file a separate motion for preliminary injunction—seeking a stay of the challenged IDOC, Wabash Valley, and GTL policies—he may do so after the defendants file an appearance.

## V. Summary Service of Process

Mr. Mendenhall's First and Fourteenth Amendment claims against the defendants **shall proceed**. His motion for preliminary injunction, dkt. [7], is **denied**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Robert Carter, Dick Brown, Amber Wallace, Heather Mills, and GTL in the manner specified by

Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Entry.

**SO ORDERED**.

Date: 1/24/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

AUGUSTUS MENDENHALL
218177
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic Service to:

    Robert Carter at the Indiana Department of Correction
    Dick Brown, Amber Wallace, and Heather Mills at Wabash Valley Correctional Facility

GLOBAL TEL*LINK CORPORATION
Attn: Legal
Sunset Hills Road
Suite 100
Reston, VA 20190